

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-22-00159-CR

---

VON ERIC WALTON, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2017-C-0131

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

In 2018, Von Eric Walton pled guilty to possessing four or more but less than 200 grams of methamphetamine, a second-degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Supp.). Pursuant to a plea-bargain agreement with the State, the trial court found Walton guilty of the offense but placed him on community supervision for eight years. In 2022, the State moved to revoke Walton's community supervision on the grounds that he violated its terms by (1) failing to complete a drug-offender education program and (2) failing to report each month from March 2021 through August 2022. After Walton pled "true" to the State's allegations, the trial court sentenced him to seven years' imprisonment. Walton appeals.

Walton's attorney filed a brief stating that she reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On April 3, 2023, counsel mailed to Walton copies of the brief, the motion to withdraw, and a pro se motion for access to the appellate record lacking only Walton's signature. Counsel also informed Walton of his rights to review the record and file a pro se response. On April 19, this Court granted Walton's motion for pro se access to the record, confirmed that Walton had

2

received a copy of the record, and informed Walton that any pro se response was due on or before June 5. On June 15, this Court further informed Walton that the case would be set for submission on the briefs on July 6. We received neither a pro se response from Walton nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[1]

Scott E. Stevens
Chief Justice

Date Submitted: July 6, 2023
Date Decided: July 10, 2023

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.